

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILL McCAULEY and EDWARD D. KENDLER, sole trustee of Kendler Family Trust, individually and on behalf of all others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>JAHM J. NAJAFI, husband; CHERYL NAJAFI, wife; KEVIN M. WEISS, husband; ELIZABETH S. WEISS, wife; DAVID P. FRANKE, husband; STEPHANIE M. RANKIN FRANKE, wife; JAMES D. STAUDOHAR, husband; KATHLEEN M. STAUDOHAR, wife; SCOTT WILEY, husband; GAIL E. WILEY, wife,<br><br>Defendants-Appellees. | No.    17-17196<br><br>D.C. No. 2:16-cv-03461-SPL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted April 18, 2019
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Plaintiffs—a proposed class of Xhibit, Inc. shareholders—appeal the district court's order dismissing of their complaint alleging Defendants—Xhibit directors, officers, and board members—violated Arizona securities laws. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1. The district court erred in dismissing Plaintiffs' Arizona Revised Statute section 44-1991(A)(2) claims on the ground that Plaintiffs failed to allege that Defendants' fraud resulted in the purchase or sale of securities. Plaintiffs allege that they purchased Xhibit stock during the period when the alleged fraud occurred, and therefore the fraud was "in connection with" the purchase or sale of securities. *See* Ariz. Rev. Stat. § 44-1991(A). That is sufficient to survive a motion to dismiss, because section 44-1991(A)(2) does not require Plaintiffs to prove (or allege) that the purchase or sale was caused by or made in reliance on the alleged fraudulent statements or omissions. *Aaron v. Fromkin*, 994 P.2d 1039, 1042 (Ariz. Ct. App. 2000); *Rose v. Dobras*, 624 P.2d 887, 892 (Ariz. Ct. App. 1981).

2. The district court erred when it dismissed Plaintiffs' section 44-1991(A)(3) claims when it concluded that Plaintiffs' claims were a "literal recitation of the statute itself." Although Plaintiffs' complaint recites the statutory language, that

2

recitation is followed immediately by Plaintiffs' allegation that Defendants' fraudulent scheme encompassed misconduct beyond alleged misrepresentations and omissions, including the merger itself, termination of Xhibit's profitable business lines, delayed SEC filings, and undisclosed negotiations. Thus, Plaintiffs' complaint alleged a factual basis to support their claims under section 44-1991(A)(3). *See Albers v. Edelson Tech. Partners L.P.*, 31 P.3d 821, 825-26 (Ariz. Ct. App. 2001) ("We are required to view the complaint as a whole to determine whether a claim for fraud has been stated.").

3.      Because the district court erred in dismissing Plaintiffs' section 44-1991 claims, it erred in dismissing Plaintiffs' section 44-1999(B) control liability claims for failure to plead a primary violation. *See E. Vanguard Forex, Ltd. v. Ariz. Corp. Comm'n*, 79 P.3d 86, 100 (Ariz. Ct. App. 2003).

4.      The district court abused its discretion when it denied Plaintiffs leave to amend. Plaintiffs identified and argued additional claims of fraud in their opposition to Defendants' motion to dismiss, demonstrating that amendment would not necessarily be futile. Additionally, the district court did not find bad faith, undue delay, or prejudice; nor had Plaintiffs previously requested leave to amend. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (per curiam); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

1048, 1052 (9th Cir. 2003) (per curiam) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

**REVERSED AND REMANDED.**[1]

---

[1]We need not reach Defendants' arguments that we may affirm the district court's decision on alternate grounds. *See United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1023 (9th Cir. 2006), abrogated on other grounds by *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015) (en banc).